■   In the Matter of the Estate of JOSEPH BYRNE, Deceased. Estate of PATRICK O'HARA, Deceased, et al., Respondents; ATTORNEY GENERAL OF IRELAND et al., Appellants.—Order, Surrogate's Court, New York County, entered December 22, 1976, granting petitioner-respondent's motion directing submission to oral depositions in Ireland, unanimously reversed, on the law, and the motion denied, without costs and without disbursements. The testator, Dr. Joseph Byrne, an attorney and physician, died on May 13, 1945. His last will and testament, dated April 21, 1935, was admitted to probate on September 19, 1945. The will provided in pertinent part that: "(8) The rest of my property I give to the Manufacturers Trust Co., New York, N.Y. in trust to invest and reinvest and to pay the income semiannually to my wife Gertrude during her life and upon her death to pay the income to Sarah Byrne, widow of James William Byrne, during her lifetime. Upon the death of the last survivor of these two persons viz. my wife Gertrude and Sarah, widow of James William Byrne, this trust shall terminate and the property held under it shall be turned over to the Rev. Michael Kennedy or his successor as Parish Priest of Myshall Co. Carlow Ireland to be used in equipping the parochial schools for the training of boys and girls in trades and handicrafts as a memorial to my parents Patrick and Margaret (O'Neill) Byrne of Boginalstown who lie buried near the church door in Myshall." In 1946, a construction proceeding was instituted to determine whether the will spelled out a valid charitable gift, which construction was necessary to determine the extent of the estate tax to be imposed. Surrogate Delehanty, in a decision dated April 15, 1947, found that the gift was charitable in nature. All of the distributees except Patrick O'Hara were cited in the 1945 and 1946 proceedings. No distribution of principal was made because the income beneficiary was still alive. When the income beneficiary died, the one distributee who was not cited instituted proceedings to set aside the 1947 decree. To that end, petitioner, *inter alia*, moved for an order to allow the taking of oral depositions in Ireland of Rev. Dr. Patrick Lennon, the Bishop of Kildare and Leighlin, Rev. John Hayden, the parish priest of Myshall, and Declan Costello, the Attorney General of the Republic of Ireland, which motion was granted by the Surrogate. We would reverse. None of the parties sought to be deposed was in office when the will was drafted, and none knew the testator. There was no showing made by petitioner that any information he sought relating to the status of schools in Ireland could not be obtained from other sources without going through the expense of taking these depositions. Concur—Murphy, P. J., Lupiano, Capozzoli and Lane, JJ.